(Decided 19th December, 1878.)

## RANDOLPH J. BOULDIN AND WIFE *vs.* LUTHER M. REYNOLDS.

*The Court of Equity in which a Proceeding is first begun alone to take Cognizance of a question, that could be raised in such proceeding.*

Proceedings to sell mortgaged premises were begun by the appellee in the Circuit Court for Anne Arundel County, and the property advertised for sale. Thereupon the appellant, R. J. B. filed his petition, praying for reasons therein stated, that the sale might be stayed. Before the filing of this petition, a suit had been instituted by the wife of the appellant, for whom he was trustee in a lease of the same property, to him for her benefit, in the Circuit Court of Baltimore City, for the purpose of having set aside and vacated the mortgage, the lease and a deed of the fee of the property to her, on the ground of undue influence and coercion, and in that proceeding, an injunction was prayed to suspend the sale, for a stay whereof, the appellant R. J. B. had filed the petition as above. The parties in both proceedings were the same. The Circuit Court

for Anne Arundel County dismissed the petition, and on appeal, it was HELD:

That that Court could not take cognizance of the question sought to be raised on the petition of the appellant.

There was a prior proceeding depending in another Court of competent jurisdiction, where the question attempted to be raised by this proceeding, could have been raised and decided, if necessary for the protection of the interest of any of the parties concerned.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

Randolph J. Bouldin and wife, on the 21st of April, 1871, executed a mortgage of certain real estate in Anne Arundel county, to Louisa J. Butler, wife of Thomas C. Butler, to secure an indebtedness therein stated contracted to be paid by the former to the latter, on account of the purchase money for the mortgaged premises, which had been conveyed to Mrs. Bouldin by Butler and wife, by deed of the same date. This mortgage was subsequently assigned to Luther M. Reynolds, (merely for the purpose of enabling him to collect the same,) and he, under the power of sale contained therein, on the 3rd of January, 1877, filed the mortgage and assignment to him, with his bond, in the Circuit Court for Anne Arundel County, in Equity, and advertised the mortgaged premises for sale. Bouldin, the husband, thereupon on the 7th of February, 1877, filed a petition in the same proceeding, praying for certain reasons therein stated, that the sale might be stayed. On this petition an order was passed, setting it down for hearing, requiring Reynolds to answer it, and in the meantime suspending the sale. Reynolds afterwards answered the petition.

The chief averment of the petition on which relief was asked, was that the mortgage conveyed only the reversionary interest therein, and not the leasehold for ninety-nine years, renewable forever, which had been previously, on

the 28th of September, 1869, conveyed by Butler and wife to Bouldin, the husband, *in trust* for Mrs. Bouldin, with power to the latter to dispose of the same by deed or will. The petition prayed that the sale might be enjoined until it should be determined what estate passed by the mortgage, and what were the rights of the parties under these several conveyances.

The petition and answer disclosed the fact that prior to the filing of the petition, to wit, on the 6th of February, 1877, Mrs. Bouldin, by her next friend, had filed in the Circuit Court of Baltimore City, her bill to vacate and annul all these conveyances, including the mortgage upon the ground, that they were executed against her will and wish, and by the coercion, threats, improper pressure, importunity, undue influence and compulsion of her husband, which she was too weak to resist. To that bill Reynolds, Butler and wife, and her husband, were made defendants, and among other relief which the bill prayed for, was an injunction to restrain Reynolds from proceeding with his sale, under this mortgage.

The Court below (MILLER, J.,) passed an order rescinding the order passed on 7th February, 1877, and dismissing the petition, from which order the petitioner appealed.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, and ALVEY, J.

*R. J. Bouldin,* for the appellant.

*James Revell* and *L. M. Reynolds,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

Whether the power contained in the lease of the 28th of September, 1869, was executed by the mortgage of the 21st of April, 1871, is a question that we do not propose to decide in this case. The assignee of the mortgage dis-

claims all purpose of attempting to sell any interest other than that properly embraced by the terms of the mortgage; and it does not appear that the appellant, or any one represented by him, will be illegally prejudiced by the sale thus proposed to be made. But we affirm the order appealed from upon the distinct ground that there was a prior proceeding depending in another Court of competent jurisdiction, where the question attempted to be raised by this proceeding could have been raised and decided, if necessary to the protection of the interest of any of the parties concerned. It appears, both from the petition of the appellant and the answer thereto, that, before the institution of this proceeding by the appellant, a suit had been instituted by the wife of the appellant, for whom the appellant is trustee, in the Circuit Court of Baltimore City, against Butler and wife, Reynolds, and the appellant, for the purpose of having the lease, and the subsequent deed and mortgage, set aside and vacated, upon the ground of undue influence and coercion; and in that proceeding an injunction was prayed to stay the sale that is prayed to be stayed by the present proceeding. That suit, for aught that appears in this case, is still pending. And such being the condition of things, it is not a question whether the Circuit Court for Anne Arundel County has jurisdiction over the sale attempted to be made, but whether it ought to take cognizance of the question sought to be raised on the petition of the appellant. There is manifest impropriety, as well as great inconvenience, in allowing litigation in reference to the same subject-matter to be multiplied in different Courts of concurrent jurisdiction; and it is equally vexatious that the litigation should be conducted by piecemeal. The appellant being a party to the case pending in the Court in Baltimore, he could, if it were deemed necessary, by proper application, raise the question there that he seeks to raise here, and thus have the whole litigation disposed

of in one case and by one tribunal, instead of multiplying litigation with the risk of conflicting decisions.

Entertaining these views, we shall affirm the order of the Court below, with costs.

*Order affirmed.*

(Decided 19th December, 1878.)